John M. Friedman, Sr., J.
Defendant is charged with *1040 violation of section 511 of the Vehicle and Traffic Law, which provides that one operating a motor vehicle on a public highway while his license is suspended shall be guilty of a misdemeanor. He moves for dismissal of the charge upon the ground that the suspension was invalid, having been done under section 510 of that law, which, he argues, in its relevant provisions is unconstitutional.
It appears from concessions of defendant and of the People made for the purposes of this motion that defendant had, prior to the incident involved here, received a traffic ticket alleging a violation, for which he failed to appear in court. Upon notification by the court of such failure, the Commissioner of Motor Vehicles mailed to defendant notice of suspension of his license, to take effect in 30 days unless he appeared in court; this was done pursuant to subdivision 4-a of section 510 of the Vehicle and Traffic Law, which provides "Upon receipt of a court notification of the failure of a person to appear within three months of the return date * * * pursuant to an appearance ticket * * * the commissioner or his agent may suspend the driver’s license or privileges of such person pending receipt of notice from the court that such person has appeared in response to such appearance ticket. Such suspension shall take effect no less than thirty days from the day upon which notice thereof is sent”. Subdivision 7 of section 510 provides for sending the notice by mail to the address contained in the license. Defendant claims he never received the notice; he did not appear on the prior charge; the suspension took effect; then defendant was apprehended on the present charge.
Defendant argues that his license is a valuable right and that it cannot be taken from him constitutionally until he has been given a hearing; certainly, he argues, his license cannot be taken if he never actually receives notice of such contemplated action. His reasoning appears to be supported by People v Emmanuel (82 Misc 2d 298).
I disagree. I recognize that a driver’s license is an extremely valuable right. I suggest that too few drivers appreciate this, and have an indifferent or hostile attitude toward the efforts of the public authorities to insure that licenses are held by capable and responsible drivers. Such an attitude leads to the ignoring of traffic tickets. Then, when he finds that he is the object of corrective action, the scofflaw screams "Unconstitutional!”
*1041 I am not content to rest this decision upon the presumption that defendant is chargeable with knowledge of the law (see 21 NY Jur., Evidence, § 121) that his failure to answer a traffic ticket would result in a suspension of his license. Everyone should know that if he fails to answer a ticket, something is going to happen; the newspapers frequently print reports of action taken against scofflaws; and even if one does not read the papers, if he has enough intelligence to get a license, I think he has to know that an unanswered traffic ticket is not going to be thrown away by the authorities.
In short, this defendant, who ignored the prior ticket, cannot be permitted to escape the consequences by pleading "I never got an opportunity to argue with the Commissioner.”
The procedure specified in the statute is quite reasonable. Note that the commissioner does not immediately suspend a license on notification that its holder has failed to appear in court; the commissioner gives at least 30 days’ notice of the proposed suspension; the notice is mailed to the address which fhe licensee has furnished (if the licensee moves, he is supposed to notify the commissioner, (Vehicle and Traffic Law, § 505, subd 5); within the 30 days the licensee can appear in court and cure his default, or take steps to correct any mistake by the authorities.
Situations where the government can constitutionally take action which affects valuable rights without first granting a hearing are legion. What comes to mind immediately is the power of the taxing authorities to place a lien on property, especially if they feel collection of the tax is in jeopardy. (See Tax Law § 694, subd [b]; US Code, tit. 26, § 6321 et seq.)
While the giving of notice may be an essential element of due process, its actual receipt is not, if the method of giving notice is reasonably calculated to be effective. Possibly the most common application of this rule, involves the service of a summons (see 1 Weinstein-Korn-Miller, NY Civ Prac par 308.01.)
What about a defendant who did not fail to answer a ticket, to whom a notice of suspension was mistakenly mailed, and who never got the notice? I have been presented with a few of such situations, and I have promptly dismissed a later charge laid under section 511; I have no doubt that any Judge would take the identical action.
The present defendant makes no such claim. He did not *1042 answer a prior ticket. The resultant suspension was proper, whether he failed, actually to receive the letter from the commissioner because of the fault of the United States mails, or because he failed to open an envelope received at his residence.
It may be that on a trial, defendant can avoid a finding of guilt of the misdemeanor charged here, under the principles of culpability set forth in article 15 of the Penal Law. That issue is not now before the court.
I hold that the provisions of subdivision 4-a of section 510 of the Vehicle and Traffic Law are constitutional.
The motion is denied.