RYAN, APPELLANT, *v.* ANDREWS, APPELLEE.

[Cite as Ryan v. Andrews (1976), 50 Ohio App. 2d 72.]

(No. C-75647—Decided December 13, 1976.)

*Mr. James. H. Sullivan,* for appellant.
*Mr. Simon L. Leis, Jr.,* and *Mr. Leonard Kirschner,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket and journal entries; the original papers from the Hamilton County Municipal Court; the transcripts of proceedings; and the assignments of error, briefs and arguments of counsel.

Plaintiff-appellant was arrested on January 11, 1975, and charged with operating a motor vehicle while under the influence of alcohol. A notification of refusal form was filled out and forwarded to the Bureau of Motor Vehicles. On February 25, 1975, the Bureau mailed a notice of suspension of driving rights by certified mail to plaintiff-appellant at the address listed on the notification of refusal form. Plaintiff-appellant had moved to a different address prior to February 25, 1975. The Bureau's letter was forwarded to this new address, but was returned unclaimed. An enforcement officer from the Bureau retrieved the unclaimed correspondence and sent it to plaintiff-appellant by ordinary mail. On April 9, 1975, an enforcement officer from the Bureau informed plaintiff-appellant that a failure to immediately forward her suspended license to the Bureau would result in a warrant being issued for her arrest. Plaintiff-appellant filed a complaint in the Hamilton County Municipal Court on April 16, 1975, contesting the suspension of her driving rights under R. C. 4511.191(D).

The pertinent records from the Bureau were filed with the Clerk of Courts. The defendant-appellee in answering moved for a directed verdict arguing that plaintiff-appellant had filed her complaint beyond the twenty-day time limit. On hearing the motion for a directed verdict, the judge treated it, without objection from plaintiff-appellant, as a motion to dismiss and granted judgment for defendant-appellee. The judgment entry recites that the court considered this as a motion for directed verdict on the pleadings and other filings, without objection from plaintiff-

appellant. From this judgment, plaintiff-appellant brings this appeal and asserts two assignments of error.

In her first assignment of error, plaintiff-appellant contends that the trial court erred in sustaining a motion for a directed verdict set forth in a responsive pleading and granting judgment therefrom. This court does not decide here whether the Ohio Rules of Civil Procedure apply to cases arising under R. C. 4511.191.[1] However, the rules or parts of rules considered in this decision are not by their nature clearly inapplicable to such a proceeding and therefore apply whether a R. C. 4511.191 proceeding is a regular civil proceeding, an appeal to review any judgment, order or ruling, or a special statutory proceeding.[2]

An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute.[3] R. C. 4511.191(F) provides that:

"Any person whose license or permit to drive * * * has been suspended under this section, may, within twenty days of the mailing of the notice * * * file a petition in the municipal court * * * in whose jurisdiction such person resides * * * agreeing to pay the cost of the proceedings and alleging error in the action taken by the registrar * * *. Such petitioner shall notify the registrar of the filing of the petition * * *."

A compliance with the time of filing, the place of filing, and the content of the notice as specified in the statute are all conditions precedent to jurisdiction.[4] A failure to file the petition within twenty days of the mailing of the notice is a jurisdictional defect. Subject matter jurisdictional de-

---

[1] See *Schwartz* v. *Andrews*, unreported, Hamilton Co. No. C-75562, decided Oct. 25, 1976, note 2.

[2] Civ. R. 1(C).

[3] *Collins* v. *Millen* (1897), 57 Ohio St. 289; *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147; *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123; *Zephyr Room, Inc.*, v. *Bowers* (1955), 164 Ohio St. 287; *Fineberg* v. *Kosydar* (1975), 44 Ohio St. 2d 1; *Todd* v. *Garnes* (1975), 44 Ohio St. 2d 56.

[4] *Zier* v. *Bureau of Unemployment Compensation,* supra, note 3.

fects, as this, cannot be waived by either party and when called to the attention of the court, the court shall dismiss the action.[5]

At the hearing on the motion to dismiss, the jurisdictional defect was called to the attention of the court. The court then properly determined whether a jurisdictional defect existed. Although the court may have erred in considering the second paragraph of the answer as a motion to dismiss, plaintiff-appellant was not prejudiced by this action since it was incumbent upon the court to determine immediately whether it had subject matter jurisdiction even if the issue was raised for the first time just prior to trial.[6] Plaintiff-appellant's first assignment of error is not well taken and is overruled.

In her second assignment of error, plaintiff-appellant argues that the judgment of the court in dismissing the petition of the appellant is contrary to law. The issue raised by this assignment of error is whether plaintiff-appellant filed her petition within twenty days of the mailing of the notice of suspension of her driving rights. R. C. 4511.-191(E) states that "[u]pon suspending the license * * * the registrar shall immediately notify the person in writing, at his last known address * * *." The person then has twenty days from the mailing of such notice to file his petition in municipal court.[7]

Plaintiff-appellant contends that to notify means to give actual notice, and that a receipt of actual notification of the suspension is a condition precedent to the suspension taking effect. This was the holding of the court in *Fell* v. *Bur. of Motor Vehicles* (1972), 30 Ohio App. 2d 151.

---

[5] Civ. R. 12(H)(2).

[6] The court notes that a better procedure to follow exists. Prior to filing an answer, a motion to dismiss for lack of jurisdiction over the subject matter may be filed. Civ. R. 12(B). Then an application for a preliminary hearing prior to trial could be requested. Civ. R. 12(D). Sustaining the motion will dispose of the case. If the motion is overruled, then an answer must be filed within fourteen days. Civ. R. 12(A)(2).

[7] R. C. 4511.191(F).

For the following reasons, we have chosen not to adopt the rule promulgated by our brothers in the Eighth Appellate District.

The Supreme Court of Ohio has adopted the proposition that the right of a citizen to operate a motor vehicle upon the highways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation under the police power of the state, in the interest of public safety and welfare.[8] One such reasonable regulation is that the registrar only notify the person at his last known address, not that actual notification be provided (as the *Fell* court held). Such a regulation imposes a burden on the person to inform the registrar of a change in his address, a burden we feel that is not unreasonable when associated with the privilege to operate a motor vehicle on the highways of this state. In the interest of public safety and welfare, it is reasonable to suspend, under appropriate circumstances, this right to drive as quickly as possible. Requiring actual notification would thwart this purpose, since one could delay the suspension by moving and not leaving a forwarding address, or refusing to accept mail from the Bureau of Motor Vehicles. The Bureau would then be put to the task of sending out field investigators to serve suspension notices. This would be a costly, time consuming and unnecessary restriction upon the operation of the Bureau of Motor Vehicles.

The facts in this case exemplify the necessity of requiring only a mailing to the last known address. On January 11, 1975, plaintiff-appellant furnished a North Bend Road address to the arresting officers. Forty-five days later, her suspension was mailed to this address. She had moved in the meantime but did not inform the Bureau of her new address. The suspension was forwarded to her new address but was left unclaimed after several attempts by the post office to deliver to her over a four-week period. The suspension letter was eventually retrieved from the post office and forwarded by ordinary mail to plaintiff-appellant.

---

[8]*State* v. *Starnes* (1970), 21 Ohio St. 2d 38.

If actual notice were required here, plaintiff-appellant by moving and refusing to claim a certified mail letter would have been able to postpone her suspension by two months. A person who neglects to inform the Bureau of her new address or who fails to claim a certified mail letter will not be heard to complain later that she did not know of the suspension until after the twenty-day appeal time had lapsed.[9]

The action of the Bureau's field investigator in forwarding the plaintiff's suspension was not a second mailing that would commence a second running of the twenty-day appeal statute. The investigator merely forwarded the suspension. The thrust of his letter was that unless her license was immediately sent to the Bureau, a warrant would be issued for her arrest.

The Bureau mailed the notification of the suspension of plaintiff's driving rights on February 25, 1975. Plaintiff filed her appeal on April 16, 1975, more than twenty days beyond the mailing to her last known address. This did not satisfy the jurisdictional requirement contained in R. C. 4511.191(F). It was proper, therefore, for the trial court to dismiss plaintiff's petition because of a lack of subject matter jurisdiction. The judgment of the trial court, then, is not contrary to law. The second assignment of error is overruled.

*Judgment affirmed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.

---

[9]This court notes here that if a delay in delivering the notice of suspension, not caused by the plaintiff-appellant, results in the plaintiff-appellant receiving the notice beyond the twenty-day period, a reasonable time to file an appeal will be permitted. This would only occur however where the delay was caused by the postal system. A letter mailed to the wrong address through the neglect of the Bureau is not mailed to the "last known address" and does not comply with the statute. A letter mailed to an incorrect address supplied by the person involved constitutes neglect on his part and the suspension becomes effective on the date of the mailing of such a letter.