586 P.2d 669 (1978)
Bill TOBIAS, Plaintiff-Appellant,
v.
STATE of Colorado, Department of Revenue, Motor Vehicle Division, and Joseph F. Dolan, Executive Director, State of Colorado, Department of Revenue, Motor Vehicle Division, Defendants-Appellees.
No. 78-379.
Colorado Court of Appeals, Division I.
October 26, 1978.
Michael D. Holder, Boulder, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Terre Lee Rushton, Asst. Atty. Gen., Denver, for defendants-appellees.
COYTE, Judge.
Plaintiff appeals from a judgment of the district court which affirmed an order of *670 the Department of Revenue revoking plaintiff's driver's license for a period of six months for his refusal to submit to a chemical test as required by the provisions of the implied consent statute, § 42-4-1202, C.R.S. 1973. We affirm.
Plaintiff was arrested and charged with driving under the influence of intoxicating liquor. Thereafter, the Department sent a notice to the plaintiff pursuant to § 42-4-1202(3)(e) to appeal and to show cause why his license to operate a motor vehicle should not be revoked. The notice was sent by "certified" mail, return receipt requested, to the plaintiff at his last address shown on the Department's records, but was returned to the department unclaimed. When plaintiff failed to appear at the scheduled revocation hearing, his license was revoked for a period of six months, and a notice of revocation was mailed to him to the same address to which the notice of hearing was mailed. Upon receipt of the notice of revocation plaintiff requested a hearing. This request was denied.
Plaintiff's contention that he did not receive proper notice of the revocation hearing because the notice was sent by "certified" as opposed to "registered" mail is without merit.
Section 42-2-117(2) provides that:
"All notices required to be given to any licensee or registered owner under the provisions of the motor vehicle laws shall be in writing; and, if mailed postpaid by registered mail, return receipt requested, to him at the last known address shown by the records in the motor vehicle division, such mailing shall be sufficient notice in accord with the motor vehicle laws." (emphasis added)
Section 2-4-401(12) provides that:
"The following definitions apply to every statute, unless the context otherwise requires:
. . . . .
"`Registered mail' includes certified mail."
Contrary to plaintiff's assertions, there is nothing in the context of § 42-2-117(2), C.R.S.1973, which requires that the term registered mail not be construed to include certified mail. The purpose of the notice was to apprise plaintiff of the time, date and place of the hearing. Both registered and certified mail can provide for return receipt as was done in this case. Accordingly, either registered or certified mail would be equally permissible under the statute. Hence, the notice sent to the plaintiff here was proper and in conformity with the applicable statutory provisions.
Further, since we have determined that the notice sent to plaintiff fully complied with the relevant statutory provisions, we also reject plaintiff's contention that the Department's failure to grant his request for hearing violated his right to due process or constituted an abuse of discretion. All that is constitutionally required is that the method of notice be reasonably calculated to reach the intended party. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949); State v. Wenof, 102 N.J.Super. 370, 246 A.2d 59 (1968).
Judgment affirmed.
SMITH and BERMAN, JJ., concur.