598 P.2d 650

**CITY OF ALBUQUERQUE, Plaintiff-Appellee,**

v.

**Victor D. JUAREZ, Defendant-Appellant.**

**No. 3943.**

Court of Appeals of New Mexico.

July 5, 1979.

Ralph C. Binford, Municipal Defender, Albuquerque, for defendant-appellant.

Lauren E. Marble, Asst. City Atty., Albuquerque, for plaintiff-appellee.

## OPINION

WALTERS, Judge.

On defendant's appeal from Municipal Court, he was convicted in a trial de novo in the district court of Bernalillo County of driving while his license was suspended, in violation of Albuquerque City Ordinance 96, § 4.17 of the Traffic Code.

The parties stipulated that on July 26, 1978 defendant was operating a motor vehicle within the city limits of Albuquerque, and if called to testify, he would state that he had not received notice that his license had been suspended and that, on July 26, 1978, he had no knowledge of the suspension.

A copy of the notice of suspension sent by certified mail to the defendant, and a copy of the envelope in which it was sent indicating that the notice had been returned unclaimed, were admitted into evidence. The notice stated that the discretionary suspension resulted from defendant's accumulation of "points" for various traffic violations. Defendant contends on appeal that his conviction for driving on a suspended license cannot stand absent a showing of actual knowledge on his part of the suspension. We are not prepared to hold that actual knowledge is a prerequisite to suspension; however, we agree that a conviction obtained under the circumstances of this case failed to meet due process requirements and must be reversed.

Three statutes are relied upon by the City to justify defendant's conviction. First is § 66–5–30, N.M.S.A.1978 by which the Motor Vehicle Division of the State Transportation Department is delegated the authority to suspend or revoke driver's licenses for various reasons. That section provides in part:

A. The division is authorized to suspend the license of a driver without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

\* \* \* \* \* \*

(3) has been convicted with such frequency of offenses against traffic laws or regulations governing motor vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways;

(4) is an habitually reckless or negligent driver of a motor vehicle;

\* \* \* \* \* \*

B. Upon suspending the license of any person as authorized in this section, the division shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practicable within not to exceed twenty days . . . after receipt of such request in the county wherein the licensee resides . . . provided that the hearing request is received within twenty days from the date that the suspension was deposited in the United States mail. . . .

Section 66–2–11, N.M.S.A.1978, outlines the procedures to be followed when notice is necessary under the Motor Vehicle Code:

Whenever the division is authorized or required to give any notice under the Motor Vehicle Code, or any other law regulating the operation of vehicles, unless a different method of giving notice is otherwise expressly prescribed, such notice shall be given either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person

**190**

at his address as shown by the records of the division. The giving of notice by mail is complete upon the expiration of seven days after such deposit of said notice.

. . .

Finally, § 66–5–22, N.M.S.A.1978, provides:

Whenever any person, after applying for or receiving a driver's license, shall move from the address named in such application or in the license issued to him, . . . such person shall, within ten days thereafter, notify the division in writing of his new address, . . .

When the Division took action to suspend defendant's driving privileges, it mailed a notice to defendant at his address as shown in their records, in accordance with the notice provisions of §§ 66–5–30 and 66–2–11. Although the notice was correctly addressed, defendant did not receive it. After being arrested for the commission of another traffic offense, he was charged with driving while his license was suspended.

■ The necessity for procedural due process applies to the suspension of one's driver's license by the state. That was the precise issue in *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), in which the Court determined that notice and opportunity for hearing are required by the Due Process Clause of the Fourteenth Amendment before termination of driving privileges, except in emergency situations. In declining to define due process in the suspension of licenses, the Supreme Court likewise did not enunciate the extent and type of notice necessary to meet the requirements of the Due Process Clause. It relied on the standard created in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 657, 94 L.Ed. 865, 872 (1950) that the process must be "appropriate to the nature of the case."

More recently, the Court modified its position on the timing of the notice and hearing, noting that the public interest in administrative efficiency, in highway safety and "prompt removal of a safety hazard" militates against the necessity for pretermination hearings. *Dixon v. Love,* 431 U.S. 105, 114, 97 S.Ct. 1723, 1728, 52 L.Ed.2d 172, 181 (1977). *Dixon* was a constitutional attack on the statutory procedure which, like New Mexico's, permitted discretionary suspension of driving privileges prior to notice and hearing. In upholding the statute, the Court found the procedures for administrative suspension prior to notice and hearing constitutional. It did not, however, answer the question concerning the effect of the administrative suspension if actual notice of the opportunity to be heard is not received.

■ Cases are cited by the City in which a suspension or revocation has been upheld even when the licensee did not receive notice of the hearing and had no opportunity to contest the action, e. g., *Tobias v. State,* 586 P.2d 669 (Colo.App.1978); *Ryan v. Andrews,* 50 Ohio App.2d 72, 361 N.E.2d 1086 (1976); and *Bureau of Motor Vehicles v. Fisher,* 117 Ohio App. 59, 189 N.E.2d 744 (1962). Those cases reiterate the test of *Mullane, supra,* and recognize that the notice given must be that which is " 'reasonably calculated to produce the desired result without imposing unrealistically heavy burdens on the party charged with the duty of notification.' " *State v. Wenof,* 102 N.J.Super. 370, 246 A.2d 59 (1968), quoting from Gellhorn and Byse, Administrative Law 852 (4th ed. 1960). They decide that actual notice is not necessary for an administrative suspension. Thus, with respect to the suspension itself, it is not invalid because of failure to meet due process standards since the notice of suspension was reasonably calculated to reach the intended recipient while not imposing an undue burden on the Motor Vehicle Division.

The specific issue before us, however, is the degree of notice required to impose criminal sanctions. In determining that question, different considerations control.

■ In criminal cases it is basic that the prosecutor has the burden of establishing all requisite elements of proof. The necessity of proceeding by criminal complaint imposes a requirement of notice, thus placing the initial burden of proving notice upon the City. The City relies on § 66–2–11

as establishing a presumption of notice to defendant and, consequently, a presumption of knowledge also. However, there can be no conclusive presumptions in criminal cases, even if unrebutted. *See Bollenbach v. United States,* 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1945); *State v. Jones,* 88 N.M. 110, 537 P.2d 1006 (1975).

Section 66–2–11 provides that notice is effective upon the expiration of seven days after deposit of such notice in the mail. The provision obviously assumes delivery within that time, absent some indication to the contrary. But here, the Division was made aware that the intended notice had not been received because it was returned "unclaimed." Once the mailing of the notice is shown, the defendant must rebut the statutory inference of receipt or stand convicted of the offense. The inference of receipt was rebutted when the "unclaimed" envelope containing the notice was admitted into evidence, and when the City stipulated that the defendant would testify he had no actual knowledge whatsoever of the suspension.

Two cases in which the conviction, not merely the suspension, was sustained, cited by the City, contain a salient fact not present in this case. In *People v. La Gana,* 85 Misc.2d 1039, 381 N.Y.S.2d 742 (1976), the denial of defendant's motion for dismissal of the charge of driving with a suspended license was upheld. The court's decision that actual notice of the suspension was not required was based on the defendant's failure to answer a traffic ticket, thus indicating the presence of some actual notice since a driver "should know that if he fails to answer a ticket, something is going to happen," *id.* 743. The court there suggested that the defendant might avoid conviction at trial if he lacked culpability.

No affirmative action, other than the mailing of the notice, was taken against the defendant here, and his suspension was discretionary rather than mandatory. This is the basis upon which the City's second case, *State v. Wenof,* 102 N.J.Super. 370, 246 A.2d 59 (1968), must be distinguished. In *Wenof,* the defendant received a summons

for speeding which stated that driving privileges could be revoked for failure to appear to answer. The defendant failed to appear and moved without leaving a forwarding address.

Both *La Gana* and *Wenof* imply that some degree of wilful or voluntary avoidance of notice is necessary when notice has not been received. In the absence of some proof by the City tending to show voluntary avoidance on the part of the defendant, the presumption of notice relied upon by the City cannot be effective. Proof might be accomplished by showing that the defendant moved and did not comply with the change of address requirements of § 66–5–22, or by showing service or posting notice at the suspended licensee's residence. Compare the requirements of § 61–1–5, N.M.S. A.1978. This greater effort does not impose an undue burden on the Division since it is not until after the Division is made aware that its mailed notice has not been received that it must attempt personal service, or establish that the licensee has moved and failed to inform the Division of a change in his address. Moreover, due process demands the effort in proper instances.

The prosecution prevails on the notice issue when it shows (1) delivery and acknowledged receipt by the licensee; or (2) inability to notify because of voluntary avoidance by the licensee. The City did not establish either of these notice attempts, nor was there any evidence that the defendant had moved over ten days before the notice was sent or that he refused to claim the letter. Lacking such proof, the prosecution must show other good faith and accepted methods of notifying a driver that his license has been suspended. Defendant stands convicted for driving an automobile within the City of Albuquerque while in the possession of driver's license which, so far as he knew, was a valid license. His conviction must be reversed. *See In re Murdock,* 68 Cal.2d 313, 66 Cal.Rptr. 380, 437 P.2d 764 (1968).

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.