**Pamela Sue BUSH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–80–641.**

Court of Criminal Appeals of Oklahoma.

March 5, 1981.

---

**1.** Now superseded. See 69 O.S.Supp.1979 § 601.

Municipal Counselor, Ada, for appellee.

Lewis Watson, Ada, for appellant.

## ORDER

The appellant was convicted in the Municipal Court Not of Record of the City of Ada, Oklahoma, of Disobeying a Lawful Order, their Case No. 160–9038. An appeal was taken to the District Court of Pontotoc County, Case No. CRM–79–853, in accordance with Laws 1977, c. 256, § 27–129, now 11 O.S.Supp.1980, § 27–129, and the district court affirmed the decision of the municipal court. The appellant now comes before this Court in accordance with Laws 1978, c. 248, § 1, now 11 O.S.Supp.1980, § 27–132.

The original record includes a certified copy of the district court minute, which minute was entered on June 25, 1980, and filed in the district court clerk's office on June 26, 1980.

According to the Rules of this Court, judgment and sentence is "[t]he *formal* instrument which reflects the judgment and sentence of the trial court and the date it was pronounced." 52 O.B.J. 52 (January 17, 1981), Rule 1.13(A) at 54. The district court clerk is responsible for including a certified copy of the judgment and sentence in the original record, Rule 2.2(A); and the attorney perfecting the appeal is ultimately responsible for the contents of the original record, Rule 2.4(A). A court minute is not equivalent to a formal judgment and sentence, and the formal judgment and sentence, signed by the judge, is not only the best evidence of the conviction, but also that document which is necessary to perfect an appeal. See *Stacey v. State*, 79 Okl.Cr. 417, 155 P.2d 736 (1945).

IT IS THEREFORE ORDERED that the appellant file in this Court, Appeal No. M–80–641, a certified copy of a formal and final judgment and sentence entered by the District Court of Pontotoc County, Case No. CRM–79–853, within ten (10) days from the date of this order or alternatively show cause why this case should not be dismissed.

IT IS SO ORDERED.

WITNESS OUR HANDS and the Seal of this Court this 5th day of March, 1981.

TOM BRETT, P. J.

HEZ J. BUSSEY, J.

TOM R. CORNISH, J.