**Christopher Lee HODGES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–81–762.**

Court of Criminal Appeals of Oklahoma.

Aug. 3, 1982.

Richard B. Talley, Pamela Sue Holtzclaw, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Dena L. Bates, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant was convicted of Operating a Motor Vehicle While Under Suspension, in

---

19. *McTaggart v. Public Serv. Comm.*, supra note 17.

20. 74 O.S.1981 § 6.

the District Court of Cleveland County, Case No. CRM–81–741, and was fined Fifty Dollars ($50) plus costs. Following this Court's Order of March 2, 1982, the record was supplemented with a certified copy of a formal judgment and sentence, in accordance with *Bush v. State*, 625 P.2d 633 (Okl. Cr.App.1981), and the appeal of this conviction is now properly before this Court.

The sole question before us on appeal is whether the forwarding of the Order of Revocation or Suspension by certified mail to the appellant's home address, pursuant to 47 O.S.1981, § 6–209, was sufficient to meet the due process requirements, as to notice, of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article II, Section 7 of the Oklahoma Constitution.

Both parties stipulated to the following: On August 6, 1978, the Department of Public Safety (D.P.S.) entered an Order of Revocation or Suspension notifying the appellant that his driving privileges would be terminated effective September 5, 1978, by authority of 47 O.S.1971, § 6–206, and that he would be eligible for reinstatement within one (1) month of date of surrender; the August 6 order stated that the suspension was the result of the appellant's accumulation in excess of ten (10) points based upon the "State of Oklahoma Points Systems Regulations; the August 6 order was sent by certified mail to the appellant's current address of 1223 Caddell Lane, Norman, Oklahoma, and it was returned to D.P.S., marked "addressee unknown," on August 22, 1978; at the time of the mailing, the appellant resided at 1223 Caddell Lane, with his parents, and neither the appellant nor his parents had received any notification from D.P.S. of a certified mailing nor any other notice of the suspension. The parties also stipulated that: two years later, on August 24, 1980, D.P.S. sent, by certified mail, another Order of Revocation or Suspension with the same information as the first notice, except that the termination was to be effective September 3, 1980, and the suspension was shown to have been authorized by 47 O.S.1971, § 6–303(d), with eligibility for reinstatement within three (3) months; this notice was mailed to 1223 Caddell Lane, in Norman, and returned "unclaimed" on September 8, 1980; neither the appellant nor his parents had any notice nor were they aware of the revocation or suspension. Additionally, on May 7, 1981, the appellant was arrested for a traffic violation in the City of Norman, and he was placed under arrest for Driving While Under Suspension.

The appellant does not object to the D.P.S. administrative decision to revoke the license without a predecision hearing, as the United States Supreme Court has held in *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977), that such a procedure is constitutionally adequate. (The question of "notice" was not at issue in the *Dixon* case). In regard to "notice," the Supreme Court has previously held that all that is constitutionally required is that the method of notice be reasonably calculated to reach the intended party. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949). That court went on to say that, "the mails today are recognized as an efficient and inexpensive means of communication."

Our legislature has, in its wisdom, set forth a procedure calculated to provide notice of suspension or revocation of a drivers' license to a person situated as is the appellant in the present case. Title 47 O.S.1981, § 6–209 provides in pertinent part as follows:

The Department, upon entering an order suspending, canceling, revoking or denying an operator's or chauffeur's license, *shall forward* a true copy of said order by certified or registered mail, postage prepaid, in an envelope addressed to the licensee at the last-known post office address, and request the immediate return of the license to the Department of Public Safety, Oklahoma City, Oklahoma, or the order may be served upon the licensee by an authorized member of the Department. (Emphasis ours).

The record before us discloses that the D.P.S. fully complied with the due process

notice requirement by forwarding a true copy of the Order of Revocation or Suspension to the appellant's home address via certified mail. To hold otherwise would be a usurpation of the legislative prerogative. See, *State v. Thomas*, 25 Wash.App. 770, 610 P.2d 937 (1980); *Tobias v. State*, 41 Colo.App. 444, 586 P.2d 669 (1978); *Ryan v. Andrews*, 50 Ohio App.2d 72, 361 N.E.2d 1086 (1976); and *State v. Wenof*, 102 N.J. Super. 370, 246 A.2d 59 (1968). For a contrary viewpoint see, *City of Albuquerque v. Juarez*, 93 N.M. 188, 598 P.2d 650 (1979), a case relied upon by the appellant.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BRETT, P. J., dissents.

BRETT, Presiding Judge, dissenting:

I would respectfully dissent. The issue is whether the fact that the appellant did not receive notice of his suspension operated to deny him the process due any defendant who is subjected to criminal penalties for his behavior. Service of notice of a license revocation or suspension by registered or certified mail is statutorily permitted. 47 O.S.1971, § 6–209. However, it is not the validity of the suspension absent actual notice that is at issue, but rather that degree of notice which is required to impose criminal punishment.

The Supreme Court has indicated that due process must be "appropriate to the nature of the case," in holding that procedural due process does apply to the suspension of one's driver's license. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1970). A case on point with the matter now before us is *City of Albuquerque v. Juarez*, 93 N.M. 188, 598 P.2d 650 (1979). In the facts of that opinion, as is true in the case at hand, that defendant had not received notice of the suspension of his license nor did he know about it; the certified mail giving notice had been returned; the suspension was the result of an accumulation of "points"; and the defendant was convicted of driving on a suspended license.

In holding that the conviction was unconstitutional, the New Mexico court found that the inference of receipt of notice sent by certified or registered mail had been rebutted by the unclaimed envelope; and that the State had failed, in light of this fact, to prove that the defendant had either wilfully or voluntarily avoided notice of his suspension.

The State cites *State v. Verdirome*, 36 Conn.Sup. 586, 421 A.2d 563 (1980), where a conviction for driving while under suspension was upheld. The crucial points which distinguish that case, however, are that, first, the defendant failed to file an accident report, which is some indication of wilful avoidance on his part; and, second, the evidence did not reveal that the envelope had been returned to the Department of Motor Vehicles; therefore, the inference of receipt of mailed notice had not been rebutted.

The State also argues that lack of notice is irrelevant because the offense of Operating a Motor Vehicle While Under Suspension is not a crime requiring specific intent; therefore, the defendant's knowledge or lack of knowledge with regard to the wrongfulness of his act is irrelevant. I am unpersuaded that the fact that the State was not required to prove specific intent absolves the State of its duty to convict within the bounds of due process. I would reverse.