**Donald E. KLINGBEIL,**
**Petitioner-Appellant,**

v.

**STATE of Colorado, DEPARTMENT OF**
**REVENUE, MOTOR VEHICLE DIVI-**
**SION, Alan N. Charnes, Director, De-**
**fendant-Appellee.**

**No. 83SA139.**

Supreme Court of Colorado.

Sept. 6, 1983.

Gorsuch, Kirgis, Campbell, Walker & Grover, Paul F. Kennebeck, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Roger Morris, Asst. Atty. Gen., Denver, for defendant-appellee.

ERICKSON, Chief Justice.

The petitioner, Donald E. Klingbeil, an out-of-state resident, contests the suspension of his privilege to drive in Colorado. Klingbeil contends that Colorado's statutory scheme for notifying motorists who receive traffic citations and whose driving privileges are thereafter suspended violates his due process and equal protection rights. We disagree with the petitioner's claims and affirm the district court's ruling upholding the suspension of his driving privileges.

### I.

Donald Klingbeil, an Ohio resident, received two four-point speeding tickets in Boulder and Garfield Counties in 1981 while attending the University of Colorado at Boulder. Klingbeil had an Ohio driver's license and the address listed on his Ohio Driver's license was his home address in Ohio. The Department of Motor Vehicles (DMV) issued a notice of the traffic hearing to be held on July 9, 1981, and sent it by certified mail to the University of Colorado dormitory address Klingbeil listed on each of his traffic tickets. Meanwhile, Klingbeil had returned to Ohio for the summer without leaving a forwarding address. The notice was returned unopened to the DMV on July 17, 1981, and Klingbeil failed to attend the hearing. Under section 42–2–123(1)(a), C.R.S.1973 (1982 Supp.), the DMV may suspend the driving privileges of a "provisional driver"—those drivers between the ages of eighteen and twenty-one—for an accumulation of eight or more points within any consecutive twelve-month period. Because Klingbeil had accumulated eight points within twelve months, his driving privileges were subject to suspension. On July 17, 1981, the DMV sent an order of suspension to Klingbeil's Boulder address to take effect on August 5, 1981. That order was also returned unopened. Subsequently, the DMV suspended Klingbeil's license for the maximum one year period.

On August 18, 1981, Klingbeil received another four-point speeding ticket in Summit County, Colorado. The department suspended Klingbeil's license for an additional year, until August 3, 1983, for "driving while license suspended." Section 42–2–130(1)(a), C.R.S.1973 (1982 Supp.). Klingbeil requested an administrative hearing to protest the extension, claiming that he never received notice of either suspension in violation of his due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Section 25 of the Colorado Constitution. The DMV rejected Klingbeil's contentions.

Klingbeil appealed to the Denver District Court which affirmed the suspensions. The district court ruling was transferred from the Court of Appeals to this Court because of the constitutional claims asserted by Klingbeil. Section 13–4–102, C.R.S.1973.

## II.

The Fourteenth Amendment to the United States Constitution and Article II, Section 25 of the Colorado Constitution prohibit the deprivation of life, liberty, and property without due process of law. In Colorado, the "use of motor vehicles on the public highways ... is an adjunct of the constitutional right to acquire, possess, and use property which cannot be taken away without due process of law." *Elizondo v. Motor Vehicle Division,* 194 Colo. 113, 118, 570 P.2d 518, 522 (1977); *see also Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Love v. Bell,* 171 Colo. 27, 465 P.2d 118 (1970).

Klingbeil contends that the methods used by the DMV to notify purported non-resident traffic offenders are so unconstitutionally deficient as to violate his due process rights. The United States Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), held that notice is constitutionally adequate if it is "reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them opportunity to present their objections." In *Mennonite Board of Missions v. Adams,* —— U.S. ——, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the United States Supreme Court reaffirmed its holding in *Mullane,* ruling that a state, to meet the *Mullane* standard, must mail notices of a pending tax sale directly to mortgagees holding a publicly recorded mortgage. We have adopted and applied the reasoning of *Mullane* in cases involving the Colorado Constitution. *See, e.g., Patterson v. Cronin,* 650 P.2d 531 (Colo.1982); *Tobias v. Colorado,* 41 Colo.App. 444, 586 P.2d 669 (1978). *See also Denver Welfare Rights v. Public Utilities Commission,* 190 Colo. 329, 547 P.2d 239 (1976).

Klingbeil claims that the State of Colorado violated his procedural due process rights by denying him notice and an opportunity to be heard at the suspension hearing because he never received notice of the original suspension of his Colorado driving privileges. Under section 42–2–117(2), C.R.S. 1973 (1982 Supp.), constructive notice suffices for a resident by the mailing of the notice of a suspension hearing to the "last known address shown by the records in the motor vehicle division." He contends, however, that the notice requirements for a nonresident remain unclear because nonresidents are excluded by the language of section 42–2–117(1), C.R.S.1973 (1982 Supp.),[1] and therefore only actual notice to the nonresident or constructive notice to his permanent out-of-state address will suffice. Because Klingbeil received neither actual nor constructive notice, he contends that the department deprived him of his due process rights. We disagree.

■■ Section 42–2–120(1), C.R.S.1973 (1982 Supp.), provides that the "privilege of driving a motor vehicle on the highways of this state given to a nonresident is subject to suspension or revocation by the department *in like manner* and for like cause as a driver's license may be suspended or revoked." (Emphasis added.) Section 42–2–117(2), C.R.S.1973, directs the DMV to send all notices required to be given to any licensee or registered owner by registered mail to the last address shown by the department's records. The requirements apply in like manner to non-residents. Similarly, under section 42–2–123(8), C.R.S.1973 (1982 Supp.), an individual accumulating a sufficient number of points will be notified by the DMV of a hearing to take place within twenty days of the notice mailing for a determination of license suspension: "Such notification shall be given to the licensee in writing by regular mail, addressed to the address of the licensee *as shown by the records of the department.*" (Emphasis added.) If a nonresident must be treated in "like manner" as a resident, then constructive notice to the last address listed with the department is sufficient. *People v. Yount,* 174 Colo. 462, 484 P.2d 1203 (1971), *Ewing v. Motor Vehicle Division,* 624 P.2d 353 (Colo.App.1980).

■ In our view, the state is not required to ascertain an out-of-state traffic offend-

---

1. The state has conceded that section 42–2– 117(1) does not apply to non-residents.

er's permanent address. When an officer issues a citation he must obtain an address from the violator. Both resident and non-resident violators have the same duty and opportunity to provide the address where notice should be mailed. The department sent the Notice of Hearing and the Order of Suspension by certified mail to the Boulder address that the petitioner gave the officers who issued the tickets. Accordingly, the department fully complied with the statute by giving Klingbeil notice "in like manner" as residents would be afforded.

Section 42–2–123(12), C.R.S.1973 (1982 Supp.), provides that a driver who fails to appear at his hearing may be suspended if notice has been mailed to "*his last known address as shown by the records of the department.* Proof of such mailing is sufficient notice under this section...." (Emphasis added.) The record discloses that the state mailed all notices by certified mail as required by the statute. The statute is applicable to both resident and non-resident motorists.

Users of Colorado highways are presumed to know the traffic laws and regulations. *Vigil v. Motor Vehicle Division,* 184 Colo. 142, 519 P.2d 332 (1974); *see also Stauffer v. Weedlun,* 188 Neb. 105, 195 N.W.2d 218 (1972). Klingbeil, like any citizen, has imputed knowledge of the laws which apply to him as a result of his traffic citations. Therefore, when Klingbeil received two tickets, he knew or should have known that his driving privileges in Colorado were in jeopardy. He had a duty to monitor these citations and the consequences which might flow from them. His obligations included giving the officer an address where notice would reach him or leaving a forwarding address with the dormitory.

When Klingbeil signed each of the two traffic tickets, he was put on notice that he was required to appear in county court to answer the charges. The record indicates that Klingbeil did not attend either of the hearings. Had he done so, he would have had actual notice that his driving privileges in Colorado were in danger. He cannot now blame the state for insufficient notice arising out of his own irresponsibility when the state complied with the procedural protections provided by statute. He received notice of and attended, at his own request, a hearing specifically addressing the one-year extension of his suspension. Thus, he was given notice and an opportunity to be heard as required by the United States and Colorado Constitutions.[2]

Neither the due process nor the equal protection rights of Klingbeil were violated by the notification scheme provided nonresident traffic offenders in the state traffic regulations. Accordingly, the ruling of the district court is affirmed.

---

**2.** The notification provisions of Colorado's traffic code are no more burdensome on non-residents than residents and do not treat similarly situated classes of drivers differently. Accordingly, the petitioner has not been denied equal protection of the laws. *See Colorado Auto & Truck Wreckers Ass'n v. Department of Reve-* nue, 618 P.2d 646 (Colo.1980). Petitioner also asserts that section 42–2–117 denied him rights afforded under the privileges and immunities clause of the Fourteenth Amendment to travel freely throughout the United States. This contention is without merit. *See Heninger v. Charnes,* 200 Colo. 194, 613 P.2d 884 (1980).