807 P.2d 744

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Paul HERRERA, Defendant–Appellant.**

**No. 12216.**

Court of Appeals of New Mexico.

Jan. 8, 1991.

Certiorari Denied March 12, 1991.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hilary Lamberton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Judge.

This case presents the question of whether a written notification of driver's license revocation mailed by the Motor Vehicle Division (Division), pursuant to NMSA 1978, Section 66–2–11 (Cum.Supp.1987), creates a presumption that the licensee has knowledge of the revocation sufficient to allow a conviction for driving with a suspended or revoked license contrary to NMSA 1978, Section 66–5–39(A) (Cum.Supp.1987). We hold that in criminal cases, Section 66–2–11 creates no such presumption, but that under the facts of this case, the mailing of a notice of revocation, together with the other relevant evidence presented, does permit an inference that the defendant had actual knowledge of the revocation.

## FACTS

Defendant was convicted, following the entry of a plea of nolo contendere, of the

offense of driving while his license was suspended or revoked for driving while under the influence of alcohol, contrary to Section 66–5–39(A), and for violating the provisions of the implied consent law, Section 66–8–111 (Repl.Pamp.1987). As a part of the plea and disposition agreement, defendant reserved the right to appeal the issue of whether the mailing of notice of revocation by the Division to defendant is sufficient to create a presumption that at the time of defendant's arrest he knew that his license had been revoked. The state and defendant stipulated to the facts essential to this appeal. The stipulated record indicates that defendant's driver's license was revoked from June 18, 1987 to June 18, 1992 as the result of a conviction of driving while under the influence of alcohol or drugs (DWI); that his license was suspended from September 17, 1987 to September 17, 1992 as the result of a second conviction of DWI; and that his license was also suspended from October 9, 1987 to October 9, 1988 as the result of refusing to submit to a breath or blood test as required by the Implied Consent Act. The evidence also shows that two notices of mandatory license revocation due to DWI conviction were sent by certified mail and addressed to the defendant at his home on Mountain Road in Albuquerque, together with a DWI citation, notice of revocation and right to a hearing. The citation further indicates that the defendant gave the Mountain Road address as his home address. The parties also stipulated that the Albuquerque city police officer who arrested defendant on June 17, 1988, for driving a motor vehicle while his license was suspended or revoked, observed defendant driving on that date, while the revocation of his driver's license was in effect.

### SUFFICIENCY OF THE EVIDENCE

Defendant contends that a prerequisite to obtaining a conviction for driving with a suspended or revoked driver's license is that the state must establish beyond a reasonable doubt that defendant knew that his license to drive had been suspended or revoked. Defendant argues that such knowledge is an essential element in the prosecution of a violation of Section 66–5–39(A).

Specifically, defendant argues that the fact that a notice of revocation has been mailed to a defendant's home address as shown on his application for driver's license is insufficient to create a presumption in a criminal proceeding that defendant knew his license had been revoked.

Except under certain emergency situations, notice and opportunity for a hearing are required by the due process clause of the fourteenth amendment before termination of an individual's driving privileges may be revoked. *City of Albuquerque v. Juarez*, 93 N.M. 188, 598 P.2d 650 (Ct.App. 1979). *See also Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). *See generally* Annotation, *Sufficiency of Notice and Hearing Before Revocation or Suspension of Motor Vehicle Driver's License*, 60 A.L.R.3d 427, 428 (1974). Defendant concedes that the notices sent by the Division, pursuant to Section 66–2–11, satisfy due process standards in administrative proceedings for license revocation. He contends, however, that the Division's act of mailing such notices, without other evidence, was insufficient, in the criminal proceeding brought herein, to satisfy the requirement of proof of scienter. As this court stated in *Juarez*, "different considerations control" the determination of "the degree of notice required to impose criminal sanctions" from those applicable in civil proceedings. *Juarez*, 93 N.M. at 190, 598 P.2d at 652.

Defendant asserts that the offense of driving under a suspended or revoked driver's license is a *malum prohibitum* offense. We agree with this portion of defendant's argument. Section 66–5–39(A) states:

Any person who drives a motor vehicle on any public highway of this state at a time when his privilege to do so is suspended or revoked is guilty of a misdemeanor and upon conviction shall be punished * * * by imprisonment for not less than two days nor more than six months, and there may be imposed in addition a fine of not more than five hundred dollars ($500). Notwithstanding any other

provision of law for suspension or deferment of execution of a sentence, if the person's privilege to drive was revoked for driving while under the influence of intoxicating liquor or drugs, upon conviction that person shall be fined not less than one hundred fifty dollars ($150) which shall not be suspended, deferred or taken under advisement.

Section 66–2–11 of the Motor Vehicle Code also provides that where notice is required, unless a different method of giving notice is otherwise expressly prescribed, notice may be given by the Division by mail at the individual's address as shown by the records of the Division. The statute also provides that "[t]he giving of notice by mail is complete upon the expiration of seven days after the deposit of [such] notice." A related statute, Section 66–5–22 (Cum.Supp.1987), requires that persons who have applied for or received a driver's license must notify the Division of any change of address within ten days.

■ The standard for determining whether a statute is a strict liability offense involves ascertaining whether there is a clear legislative intent that the act does not require any degree of mens rea. *Zamarripa v. First Judicial District Court*, 103 Nev. 638, 747 P.2d 1386 (1987). Although the legislature is empowered to create strict liability crimes, *State v. Lucero*, 98 N.M. 204, 647 P.2d 406 (1982), its intention to do so must be manifest in the statute. *State v. Shedoudy*, 45 N.M. 516, 118 P.2d 280 (1941); *see also State v. Gunter*, 87 N.M. 71, 529 P.2d 297 (Ct.App.1974), *cert. denied*, 421 U.S. 951, 95 S.Ct. 1686, 44 L.Ed.2d 106 (1975); *State v. Lucero*, 87 N.M. 242, 531 P.2d 1215 (Ct.App.1975). Because there is no indication that the legislature intended to impose strict liability under Section 66–5–39(A), we hold that proof of knowledge by the licensee that his driving privileges have been suspended or revoked is a prerequisite for conviction under the statute. *See City of Albuquerque v. Juarez.*

Other jurisdictions which have considered this issue, under similar statutes, have reached differing results. States which have determined that scienter is a necessary element of proof for conviction of such offense are: *Jeffcoat v. State*, 639 P.2d 308 (Alaska Ct.App.1982); *State v. Williams*, 144 Ariz. 487, 698 P.2d 732 (1985)[1]; *In re Murdock*, 68 Cal.2d 313, 66 Cal.Rptr. 380, 437 P.2d 764 (1968); *Jolly v. People*, 742 P.2d 891 (Colo.1987); *State v. Keihn*, 542 N.E.2d 963 (Ind.1989); *Zamarripa v. First Judicial District Court; State v. Atwood*, 290 N.C. 266, 225 S.E.2d 543 (1976); *State v. Collova*, 79 Wis.2d 473, 255 N.W.2d 581 (1977). *But see State v. Jones*, 231 Kan. 366, 644 P.2d 464 (1982); *State v. Sonderleiter*, 251 Iowa 106, 99 N.W.2d 393 (1959); *State v. Grotzky*, 222 Neb. 39, 382 N.W.2d 20 (1986); *State v. Morrison*, 2 Ohio App.3d 364, 442 N.E.2d 114 (1982); *State v. Buttrey*, 293 Or. 575, 651 P.2d 1075 (1982). By express statutory provision, California and Maine specify that knowledge of driving with a suspended license is a necessary requirement to establish violation thereunder. *See Zamarripa v. First Judicial District Court.*

■ Criminal intent is an issue of fact to be determined by the trier-of-fact. *State v. Roybal*, 66 N.M. 416, 349 P.2d 332 (1960). *See generally* R. 14–141. Each element of a criminal offense must be supported by evidence acceptable to a reasonable mind as adequate to support a conclusion that defendant committed the charged offense beyond a reasonable doubt. *State v. Sparks*, 102 N.M. 317, 694 P.2d 1382 (Ct. App.1985); *State v. Manlove*, 79 N.M. 189, 441 P.2d 229 (Ct.App.1968).

■ In criminal proceedings where a defendant is charged with driving under a revoked license, the prosecution is not, however, required to produce direct evidence of the defendant's subjective mental state. Because the subjective nature of intent makes proof through direct evidence difficult, intent may be proved by circumstantial evidence. *State v. Sparks.* Nor is

---

1. After the decision in *Williams,* the Arizona legislature amended its statute to negate the requirement of proving that defendant knew the status of his license. *See State v. Jennings,* 150 Ariz. 166, 722 P.2d 334 (Ct.App.1985).

the state required to prove defendant's knowledge that his license was revoked by means of a signed return receipt for the Division's formal notice of the revocation. *See Jolly v. People.* As observed in *Jolly:*

> It is knowledge of the fact of revocation, not necessarily receipt of the department's notice of revocation, that constitutes the requisite culpable mental state for driving while [the] license [is] revoked. What is required, therefore, is direct or circumstantial evidence which, when viewed as a whole and in a light most favorable to the prosecution, is sufficient to permit a reasonable factfinder to conclude beyond a reasonable doubt that the defendant had knowledge of the fact of revocation at the time of the driving offense in question. *E.g., People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Defendant argues that the state can meet its burden only by relying on an impermissible mandatory presumption that the mailing of notice shows that a licensee has actual notice of revocation. He contends that this presumption violates the due process requirement that the state prove every element of a crime beyond a reasonable doubt. *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). We disagree with defendant's characterization of the effect of such evidence.

In *County Court of Ulster County,* the United States Supreme Court stated:

> Inferences and presumptions are a staple of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of the crime—that is, an "ultimate" or "elemental" fact—from the existence of one or more "evidentiary" or "basic" facts * * *. [I]n criminal cases, the ultimate test of any device's constitutional validity in a given case remains constant: the device must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt.

442 U.S. at 156, 99 S.Ct. at 2224.

Similarly, in *Jolly v. People,* the court, relying upon *County Court of Ulster County,* held that a permissive inference allows, but does not mandate, the fact finder to "infer the elemental fact of a crime from proof by the prosecution of the predicate fact on which the inference is based." 742 P.2d at 896. The court also observed that since a permissive inference "does not relieve the state of the burden of persuasion on an essential element of a crime, it will pass constitutional muster as long as the inference is one that is justified by reason and common sense in light of the proven facts". *Id.*

■ The fact finder's responsibility was not undermined here because a permissive inference, rather than a mandatory presumption, was involved. A permissive inference "allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant." *Id.* 442 U.S. at 157, 99 S.Ct. at 2224. A mandatory presumption, on the other hand, "tells the trier that he or they *must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts." *Id. See also* SCRA 1986, 11–302; *State v. Jones,* 88 N.M. 110, 537 P.2d 1006 (Ct.App.1975). A permissive inference violates due process "only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference." *County Court of Ulster County,* 442 U.S. at 157, 99 S.Ct. at 2225.

■ There is nothing in Section 66–5–39(A)—the statute under which defendant was convicted—that requires the use of a mandatory presumption. Nor does Section 66–2–11, the notification statute, create such a presumption. Section 66–2–11 reads in part: "[t]he giving of notice by mail [to the licensee's address as shown on his application for license] is complete upon the expiration of seven days after such deposit

of said notice." This statute specifies the minimal due process notice which is required before the state may revoke a driver's license in an administrative proceeding. *See Juarez; Bell v. Burson.* We do not interpret the statute as specifying a mandatory presumption of notice resulting from the act of mailing a notice of revocation, applicable in a criminal proceeding brought under a different article of the traffic code.

■ The limited record which we consider on this appeal does not reveal that the trier-of-fact relied on a presumption of the notice, nor is such presumption necessary to support defendant's conviction. The stipulated evidence, and the inferences which rationally may be drawn therefrom, support a finding beyond a reasonable doubt that at the time of his arrest for driving under a suspended license, the defendant knew that his license was revoked.

*City of Albuquerque v. Juarez* holds that "[o]nce the mailing of the notice [required under Section 66–2–11] is shown, the defendant must rebut the statutory inference of receipt or stand convicted of the offense." The *Juarez* court did not refer to Evidence Rule 303(c) (now codified at SCRA 1986, 11–302), which provides that "[w]henever the existence of a presumed fact is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so." Evidence Rule 11–302 applies to "presumptions against an accused, recognized at common law or created by statute."

■ Defendant contends that *Juarez* compels a determination that Section 66–2–11 embodies a mandatory presumption of notice. In *Juarez*, this court reversed a conviction of driving with a suspended license where a discretionary suspension resulted from accumulated traffic violations and the notice of suspension was returned unclaimed. Defendant calls our attention to the following language: "[t]he prosecution prevails on the notice issue when it shows (1) delivery and *acknowledged receipt* by the licensee." 93 N.M. at 191, 598

P.2d at 653 (emphasis added). We do not read *Juarez* as indicating that delivery and acknowledged receipt of notice of revocation is the exclusive means by which the state may establish the fact of notice; merely that it is one of the methods of proof. The prosecution may establish defendant's knowledge when it shows that the defendant had actual knowledge of revocation from whatever source. As stated by the court in *Jolly:*

> Permitting a fact finder to infer a defendant's knowledge of a license revocation from prosecutorial proof that the department mailed the notice of revocation by registered mail to the defendant's last address as shown by the records of the department is supported by reason and common sense. A licensed driver is responsible for knowing the traffic laws of the state, including the sanctions applicable to a violation of or a refusal to comply with those laws, and is also responsible for monitoring the effects of his own infractions on his driving privilege.

742 P.2d at 897.

To the extent that *Juarez* may be read in a criminal proceeding as creating a presumption of notice to a licensee upon mailing of notice pursuant to Section 66–2–11, it is hereby overruled. A careful reading of Section 66–2–11 does not reveal that the legislature intended the statute to be read as a rule of evidence, nor does it purport to alter the essential elements required to establish the offense of driving with a revoked license. Because Section 66–2–11 directs that notice of revocation be sent to the licensee, evidence of the fact that the statute was followed is, however, relevant to the trier-of-fact's determination of whether the defendant had knowledge of the fact of revocation. The statute, if followed, permits the fact finder to infer that notice was given. The strength of the inference is for the trier-of-fact to determine, based upon the evidence in each particular case.

The trier-of-fact may, based upon the evidence, make reasonable inferences supported by logic, common knowledge, and experience. *Samora v. Bradford,* 81 N.M.

205, 465 P.2d 88 (Ct.App.1970). A conviction can only stand, however, if it is supported by evidence or reasonable inferences arising therefrom, rather than surmise or conjecture. *State v. Padilla,* 104 N.M. 446, 722 P.2d 697 (Ct.App.1986).

An inference is sufficient to establish a fact, if the evidence upon which the inference is based, taken as a whole and including the sum of permissible inferences, combine to prove each element beyond a reasonable doubt. *See State v. Matamoros,* 89 N.M. 125, 547 P.2d 1167 (Ct.App.1976). Under this analysis, we conclude that the record on appeal is sufficient to support a finding beyond a reasonable doubt that at the time of defendant's arrest, he was aware that he was driving with a revoked license. Certified copies of public records of the Motor Vehicle Division show that two separate notices of revocation were sent by certified mail to the Mountain Road address after defendant received separate convictions of driving while under the influence of alcohol. Both notices were unreturned. The same address to which the notices were sent is listed as defendant's home address on a traffic citation issued personally to defendant. Defendant does not challenge the accuracy of the address on these mailings.

A reasonable inference of knowledge on the part of defendant that his license had been revoked is also supported by the fact that the stipulated record indicates that defendant was taken into custody on September 9, 1987, and booked for driving while under the influence and that he refused to submit to a blood alcohol test. *See* NMSA 1978, § 66-8-107 (Repl. Pamp.1987). A reasonable inference may properly be drawn by the trier-of-fact from evidence that the arresting officer complied with the provisions of NMSA 1978, Section 66-8-111.1 (Repl.Pamp.1987), advising defendant that a failure to submit to a chemical test will result in a revocation of the individual's driver's license. *See Davis v. Westland Dev. Co.,* 81 N.M. 296, 466 P.2d 862 (1970) (presumption that public officials perform their duties may give rise to inference that duties were performed). The ef-

fective date of revocation is thirty days after the law enforcement officer serves written notification of revocation. NMSA 1978, § 66-8-112(A) (Repl.Pamp.1987). In light of the preceding facts, we hold that there was sufficient evidence for the trier-of-fact to conclude beyond a reasonable doubt that defendant knew his license was revoked on June 17, 1988, when he was arrested for driving a motor vehicle while his license was suspended or revoked.

RIGHT OF CONFRONTATION

Defendant's final argument is that inclusion of the citation in the stipulated facts prevents him from confronting the police officer who wrote the citation, thereby denying his right to confrontation as guaranteed by the state and federal constitutions. Defendant has waived this right by agreeing to the stipulated evidence and by failing to preserve this issue below. *State v. Lucero,* 104 N.M. 587, 725 P.2d 266 (Ct.App.1986).

Defendant's conviction and sentence are affirmed.

IT IS SO ORDERED.

ALARID, C.J., and CHAVEZ, J., concur.