804 P.2d 925

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Ronald Gene BIRD, Defendant–Respondent.**

**No. 18108.**

Court of Appeals of Idaho.

Dec. 3, 1990.

Rehearing Denied Jan. 31, 1991.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Royce B. Lee, Idaho Falls, for defendant-respondent.

WALTERS, Chief Judge.

Ronald Bird failed to pay a judgment rendered against him in a civil action for damages arising out of an automobile accident. Pursuant to statutory authority, at the request of the judgment creditor the Idaho Department of Transportation sent by certified mail a letter to Bird, stating that the Department would suspend Bird's driving privileges fourteen days from the date of the letter, and that the suspension would continue until the judgment was satisfied and Bird filed with the Department proof of financial responsibility. The letter was sent to the address shown on Bird's driver's license, which, it later developed, was his business address. The postman twice left a notice at Bird's address, on two different days, to inform Bird a certified letter was being held at the post office. However, due to his mother's death, Bird was residing temporarily in Rexburg and did not pick up his mail in Idaho Falls. Because the certified letter was not delivered to Bird, it was returned to the Department as unclaimed. Thereafter, without further notice to Bird, the Department suspended Bird's driving privileges.

Later, Bird was cited under I.C. § 18–8001(1) for driving without privileges, a misdemeanor.[1] He was found guilty in the magistrate division. On appeal, the district court overturned the conviction on the basis that Bird did not have knowledge of the suspension. The state appeals from the district court's decision, arguing that the district court erred by disturbing the magistrate's finding that Bird's failure to receive notice of the suspension was due to Bird's own unreasonable conduct in not picking up his mail. We affirm the decision of the district court.

The charge against Bird was heard by a magistrate sitting without a jury. No sworn testimony was adduced at the hearing; instead, the case was presented upon a stipulation of facts offered by the state and Bird's counsel. The magistrate was asked to determine whether Bird's conduct in not picking up his mail rebutted the inference that notice of suspension properly mailed by the Department has been received by the affected party. *State v. Quenzer*, 112 Idaho 756, 735 P.2d 1067 (Ct.App.1987). In *Quenzer*, we held that the defendant was charged with knowledge that his license had been suspended when he signed for a registered letter from the Department notifying him of the suspension, although the defendant did not open the envelope or read the letter and therefore lacked actual knowledge of the suspension. We explained:

> [W]e recognize that sometimes a notice does not reach the intended recipient, or as the instant case demonstrates, the recipient receives, but for some reason, does not read the notice. As we have indicated, it is driving with knowledge of a suspension that produces liability under I.C. § 18–8001.
>
> However, we cannot say that in all cases the state must prove more than that notice as required by statute was mailed to the affected party. This is so because, while receipt does not necessarily prove knowledge, receipt, especially of a registered letter, is closely related to the element of knowledge.... As a practical matter, we also recognize that there is no way that the state can force a party to read the mail which he receives. Accordingly, we conclude that compliance with the statutory requirements for notifying a party of the license suspension creates an inference that the party had received that notice and, additionally, that the party is knowledgeable of the suspension. That inference is particularly strong where, as here, the addressee has acknowledged receipt of a registered letter. The inference is rebuttable. If a party does not receive notice or does not have knowledge of the suspension that is

---

1. I.C. § 18–8001(1) provides:
   Any person who drives or is in actual physical control of any motor vehicle upon the highways of this state with knowledge that his license or permit to drive is revoked or suspended in this state or any other jurisdiction is guilty of a misdemeanor.

contained in that notice, then the party may present proof that the notice was not received or that knowledge of the suspension is for some other reason lacking.... However, a defendant cannot rebut the inference by showing that his own unreasonable, intentional or negligent conduct prevented him from receiving *the notice or learning of its contents.* [Citations omitted.]

112 Idaho at 758–59, 735 P.2d at 1069–70. Applying the rule announced in *Quenzer,* the magistrate held:

In the instant case the defendant's conduct, while not intentional, was certainly unreasonable in that the address on his driver's license was at a location when [sic] his mail was picked up on an infrequent basis, a business address not used on a regular basis, while his residence address on his driver's license would have insured the receipt of the notice of suspension.

Finding that Bird did not receive actual notice of the suspension due to his own unreasonable conduct, the magistrate concluded that Bird should be charged with notice of the suspension and therefore was guilty of knowingly driving without privileges under I.C. § 18–8001.

As noted, when Bird appealed to the district court, the district court reversed the conviction. Essentially deciding that there was insufficient evidence to support a verdict of guilty, the district judge ruled:

Mr. Bird did not shut his eyes or close his ears to information that was before him and he did nothing surreptitiously to avoid notice. The court finds that this case presents facts that are distinguishable from other authority cited. The court fails to find any negligent conduct on the part of Mr. Bird that accounts for his lack of actual notice. No intentional acts surface that show an avoidance of the notice. It is not unreasonable that Mr. Bird did nothing to give any notice about a temporary change of living quarters while taking care of his mother's affairs [in Rexburg]. Therefore the court feels compelled to reverse the magistrate court and hold that the suspen-

sion would not have been in effect at the time of the traffic stop due to the fact that Mr. Bird did not have knowledge that his permit to drive had been revoked. The defendant had neither actual nor constructive knowledge.

On this appeal from the district court's decision, the state argues that the magistrate's determination of unreasonable conduct on the part of Bird was a factual finding which was binding upon the district court, and that the district court erred in concluding otherwise.

The standards of review for a case such as this are as follows. When the district court acts in an appellate capacity on appeal from the magistrate's division, and a further appeal is taken to this Court, we will freely examine the record independently of the decision of the district court. *In the Matter of Griffiths,* 113 Idaho 364, 744 P.2d 92 (1987); *State v. Moore,* 111 Idaho 854, 727 P.2d 1282 (Ct.App.1986). Where there is substantial and competent evidence to support a verdict, the verdict will not be disturbed; but where the evidence is insufficient to support the verdict, the verdict and judgment of conviction will be set aside. *State v. Clayton,* 101 Idaho 15, 607 P.2d 1069 (1980). Evidence will be deemed "substantial" if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Knowlton v. Mudd,* 116 Idaho 262, 264, 775 P.2d 154, 156 (Ct. App.1989), *citing* IDAHO APPELLATE HANDBOOK §§ 3.3.1 and 3.3.2.2 (Idaho Law Foundation, Inc., 1985). Under the restrained standard of clear error customarily applied to factual issues, a factual finding will not be deemed clearly erroneous unless, after reviewing the record, an appellate court is left with a definite and firm conviction that a mistake has been made. *State v. Curtis,* 106 Idaho 483, 490, 680 P.2d 1383, 1390 (Ct.App.1984), *citing United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

The state argues that the question whether a particular person's conduct is negligent is a factual issue, citing *Cheney*

*v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 665 P.2d 661 (1983). The state maintains that, similarly, the question whether a particular person's conduct is reasonable is a question of fact. Asserting that substantial evidence exists in the record to support the magistrate's finding that Bird's conduct in not retrieving his mail was unreasonable, the state contends the judgment of conviction must be sustained.

We disagree with the state's assessment of this case. As explained earlier in this opinion, we held in *Quenzer* that the inference of notice of the suspension of a driver's license may be drawn from the mailing procedure followed by the Department, but that the inference is rebuttable. We determined that a defendant cannot rebut the inference by showing that his own unreasonable, intentional or negligent conduct prevented him from receiving the notice or learning of its contents. Here, the evidence presented in the hearing before the magistrate consisted solely of stipulated facts. In that stipulation, the parties did not represent that Bird's conduct was intentional, negligent or unreasonable. Rather, the nature of that conduct essentially was a conclusion to be drawn from the facts. The conclusion, with which the magistrate was faced, was whether the inference of notice by mailing was rebutted by Bird's conduct. Since the only "facts" in the case were stipulated, we may freely review the trial court's conclusions without deference to those conclusions. *Linn v. North Idaho District Medical Service Bureau, Inc.*, 102 Idaho 679, 688, 638 P.2d 876, 885 (1981).

 Viewing Bird's conduct in the light of all of the circumstances presented through the stipulated facts, we conclude that no reasonable trier of fact would determine that Bird's conduct—preventing him from receiving the notice or learning of its contents—was unreasonable. Unlike the situation in *Quenzer*, here the defendant did not receive the letter and fail to read it. Nor did he refuse to pick up a certified letter from the post office. The address to which the notice of suspension was sent was an address that Bird used for business and where he did receive mail, even at the time of the traffic stop which led to this misdemeanor charge. The fact that Bird did not check his mail during the one month he was in Rexburg handling his mother's estate does not rise to the level of negligent or unreasonable conduct. Accordingly, we hold that Bird overcame the inference of notice created by the mailing procedure employed by the Department in attempting to notify him of his license suspension. It follows that there was not sufficient evidence to support the judgment of conviction entered by the magistrate.

We affirm the decision of the district court reversing the judgment of conviction for driving without privileges.

SWANSTROM and SILAK, JJ., concur.