This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                            **NO. 30,108**

**DANNY RAYFORD, SR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Josephine H. Ford, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Danny Rayford, Sr. (Defendant) appeals from the district court's final order on metropolitan court appeal and mandate. [RP 67] Defendant raises one issue on appeal, contending that there was insufficient evidence to prove beyond a reasonable doubt that Defendant knew or should have known his license was revoked, when he obtained an interlock license and an interlock device following the September 2007 arrest, and MVD never sent him a notice of revocation following that arrest. [DS 4] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, we affirm.

**DISCUSSION**

"In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

In the memorandum, Defendant does not contest the facts that this Court relied upon in the calendar notice in proposing summary affirmance. [MIO 1-3] Defendant

contends, however, that "it is not clear" that Defendant understood that his license status depended on having the interlock, as opposed to having an interlock license. [MIO 4] He argues that in this case the evidence of actual knowledge was much more ambiguous than in *State v. Herrera*, 111 N.M. 560, 563, 807 P.2d 744, 747 (Ct. App. 1991), the case that this Court relied upon in the calendar notice. [Id.] Defendant also contends that NMSA 1978, Section 66-5-39 (1993) does not provide fair notice to the public that driving a vehicle without an interlock device, while using an interlock license, means the person is driving on a revoked license. [MIO 6] Defendant also contends that the statute that actually explains what Defendant was charged with is NMSA 1978, Section 66-5-504 (A) (2009). [Id.] This statute fully explains that a person who is issued an ignition interlock license and operates a vehicle that is not equipped with an ignition interlock device is driving with a license that was revoked. [Id.] Defendant contends that, in addition, Section 66-5-504(A) is confusing because drivers may be unaware that they are deemed to be driving on a revoked license unless they have the interlock device installed. [Id.] Defendant argues that the fact that he obtained an interlock license and an interlock device following the September 2007 arrest and MVD never sent him a notice of revocation, is circumstantial evidence that Defendant thought this meant his license was not revoked. [DS 7-8] We are not persuaded.

First, the memorandum does not indicate that Defendant preserved any of the contentions he raises in the memorandum regarding (1) the alleged ambiguity of these statutes, or (2) Defendant's alleged misunderstanding or confusion about the law in district court. In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. As discussed below, however, there is overwhelming evidence in this case that Defendant actually knew his license had been revoked at the time that he was stopped by the officer in May 2008, and that this knowledge was not dependent upon any confusion over an interlock license requiring the installation of an interlock device. *See, e.g., In Re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that on appeal, the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error). As further discussed below, moreover, Defendant signed an affidavit, which was presented as an exhibit at trial, acknowledging that if he drove a vehicle without an ignition interlock device, he would be subject to the provisions for driving with a revoked license. [DS 2-3] Finally, we remain persuaded that this Court's opinion in *Herrera* supports summary affirmance of Defendant's conviction.

4

In *Herrera*, we recognized that an element essential for conviction of the crime of driving with a revoked license is proof that a defendant knew or had reason to know he or she was driving with a revoked license. *Herrera*, 111 N.M. at 563, 807 P.2d at 747. We also assessed in *Herrera* whether the State had presented sufficient evidence that the defendant knew or had reason to know he was driving with a revoked license, holding that the mailing of a notice of revocation, together with the other relevant evidence presented, permitted an inference that the defendant had actual knowledge of the revocation. *Id.* at 561, 807 P.2d 745.

NMSA 1978, Section 66-2-11 (1995) provides that:

> Whenever the department is authorized or required to give any notice under the Motor Vehicle Code [66-1-1 NMSA 1978] or any other law regulating the operation of vehicles, unless a different method of giving notice is otherwise expressly prescribed, *notice shall be given either by personal delivery to the person to be notified or by deposit in the United States mail of the notice in an envelope with postage prepaid, addressed to the person at his address as shown by the records of the department.*

(emphasis added).

In September 2007, Defendant was arrested for aggravated DWI. [DS 1] The arresting officer testified that he filled out a Notice of Revocation, explained it to Defendant, and advised him that when a driver refuses a breath test his license is administratively revoked for one year. [Id.] Defendant did not sign the Notice of Revocation but he told the officer that he understood it and he was cooperative. [Id.]

5

Thus, in accordance with Section 66-2-11, a handwritten Notice of Revocation was delivered to Defendant. Although an MVD officer testified that MVD usually also sends a formal certified notice by certified mail, in this case MVD printouts showed that MVD did not send a formal Notice of Revocation to Defendant following the 2007 arrest. [DS 2] Defendant's driver record presented as an exhibit at trial showed that his license had been revoked for a refusal to take the breath test and that it was revoked from October 9, 2007 to October 9, 2008. [Id.] On October 15, 2007, Defendant obtained an interlock license. [Id.] In his application to obtain the interlock license, Defendant signed an affidavit acknowledging that if he drove a vehicle without an ignition interlock device, he would be subject to the provisions for driving with a revoked license. [DS 2-3] Defendant's affidavit was presented as an exhibit at trial.

On May 9, 2008, Defendant was stopped for driving without headlights at night. [DS 1] Defendant presented an Arkansas driver's license. [Id.] The stopping deputy checked MVD records and found that Defendant's license was revoked unless he was driving with an interlock device installed. [DS 2] The deputy apparently testified that Defendant told him that he did not have an interlock device on the vehicle and that the deputy did not see one in the vehicle. [Id.] When the officer asked Defendant the status of his license, Defendant stated, "It's no good, that's why I'm using my

Arkansas license." [Id., *see also* RP 8 (in the Criminal Complaint the deputy stated: "when asked the driver admitted to having a revoked/suspended driver's license, knowingly driving while his license has been revoked.")]

We hold that the delivery of the handwritten Notice of Revocation in 2007, together with the other relevant evidence presented, including the affidavit Defendant executed when he applied for an interlock device in October 2007, and Defendant's statement that he knew his license was "no good" when he was stopped in May 2008, permitted a reasonable inference that Defendant had actual knowledge of the revocation.

**CONCLUSION**

We affirm Defendant's conviction for driving with a revoked license.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

**ROBERT E. ROBLES, Judge**