2002-NMCA-093

53 P.3d 413

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Dora CASTRO, Defendant–Appellant.**

**No. 21,467.**

Court of Appeals of New Mexico.

June 27, 2002.

Certiorari Denied, No. 27,610,
Aug. 14, 2002.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Cordelia A. Friedman, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Defendant Dora Castro appeals her conviction for driving while her license was revoked contrary to NMSA 1978, § 66–5–39(A) (1993). We reverse based on fundamental error.

## DISCUSSION

### Standard of Review

{2} "[F]undamental rights of an accused ... are implicated where the jury is permitted to return a conviction without having been instructed on an essential element of crime." *State v. Orosco*, 113 N.M. 780, 783, 833 P.2d 1146, 1149 (1992). Where error in omitting an essential element in an

elements instruction is not preserved, we review for fundamental error. *State v. Benally,* 2001–NMSC–033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. We determine whether a reasonable juror would have been confused or misdirected by the erroneous instructions. *Id.* We will not reverse the trial court for failure to instruct on an essential element of a crime "where there can be no dispute that the element was established." *Orosco,* 113 N.M. at 784, 833 P.2d at 1150; *see also Neder v. United States,* 527 U.S. 1, 17, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (stating error in submitting an instruction omitting an essential element is harmless "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by *overwhelming* evidence, such that the jury verdict would have been the same absent the error"). "The rule of fundamental error applies only if there has been a *miscarriage of justice,* if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *Orosco,* 113 N.M. at 784, 833 P.2d at 1150. Even if not preserved in the trial court or raised as an issue on appeal, this Court may raise the issue on its own motion as a basis for reversal. *State v. Ortega,* 112 N.M. 554, 566, 817 P.2d 1196, 1208 (1991); *see also Jackson v. State,* 100 N.M. 487, 489, 672 P.2d 660, 662 (1983) (stating it "is within the province of [the appellate court], in its discretion, to prevent injustice where a fundamental right of the accused has been violated").

**The Omission of an Essential Element Requires Reversal**

█ {3} Section 66–5–39(A) provides in part:

> Any person who drives a motor vehicle on any public highway of this state at a time when his privilege to do so is suspended or revoked and who knows or should have known that his license was suspended or revoked is guilty of a misdemeanor and shall be charged with a violation of this section.

{4} The jury was not instructed on the essential element that the State must prove that Defendant "knew or should have known" her license was revoked at the time she was arrested. *See State v. Herrera,* 111 N.M. 560, 563, 807 P.2d 744, 747 (Ct.App.1991) (requiring proof that a defendant knew or had reason to know he or she was driving with a revoked license as an element essential for conviction of the crime of driving with a revoked license). The elements instruction given to the jury states:

INSTRUCTION NUMBER 5

For you to find the defendant guilty of driving while license suspended or revoked as charged in Count 2 of the grand jury indictment, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant did drive a motor vehicle on any public highway when her privilege to do so was suspended or revoked;

2. This happened in New Mexico on or about the 27th day of February, 1999.

The trial court read this instruction to the jury and also gave it to the jury in writing without the knowledge element. The parties did not object to the jury instruction and the briefs on appeal do not mention the problem.

{5} In addition to a Motor Vehicle Division (MVD) record showing that Defendant's license was revoked from September 14, 1995, to September 13, 2005, the State presented testimony of Defendant's statements to two deputies. Doña Ana County Sheriff's Reserve Deputy Quillen testified that after he stopped Defendant and explained to her why he stopped her, he asked for her driver's license, registration, and proof of insurance. Deputy Quillen then testified, "[s]he stated she did not have a driver's license." Deputy Smead, another officer called to the scene by Deputy Quillen, testified: "I asked the defendant, Ms. Castro, for a driver's license, proof of registration and proof of insurance. Her response was that she didn't have a driver's license with her."

{6} However, the State did not prove that MVD gave Defendant notice of revocation or even that it was the routine practice of MVD to send notice. The jury was not aware

Defendant had previous DWI convictions and likely had no idea what the State laws and MVD revocation procedures were at the time the revocation occurred. A jury determination that Defendant had knowledge she was driving on a revoked license might have been based solely on the printout showing revocation for ten years and Defendant's statement she did not have a license.

{7} The likelihood that the jury was misdirected by the erroneous instruction, as well as the likelihood of a strict liability conviction, was too great to allow the outcome to stand. The trial court instructed the jury that the law governing the case was contained in the instructions. The jury was told they were to carry out their duty to follow that law. The law the jury was erroneously to follow was that if Defendant was driving on a revoked license, she was guilty whether or not she knew it or should have known it.

{8} We hold pursuant to *Benally* and *Orosco* that the failure of the trial court to instruct the jury on an essential element under the facts and circumstances in this case was fundamental error requiring reversal. A retrial with the proper instruction is the appropriate course. *See State v. Armijo*, 1999–NMCA–087, ¶¶ 7–8, 127 N.M. 594, 985 P.2d 764 (stating that "errors in jury instructions do not bar retrial").

## CONCLUSION

{9} We reverse the conviction for driving on a revoked license.

{10} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, IRA ROBINSON, Judge.