This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  **NO. 32,225**

**BRYAN SANDOVAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals his felony convictions for battery upon a healthcare worker and battery upon a peace officer. Our notice proposed to affirm, and Defendant filed a memorandum in opposition and motion to amend the docketing statement. We deny Defendant's motion to amend his docketing statement and further remain unpersuaded by Defendant's arguments in opposition to our notice. For this reason, we affirm.

We begin by addressing Defendant's motion to amend his docketing statement. Such a motion will only be granted upon a showing of viability. *See generally State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App.1993) (observing that a motion to amend will be denied if the issue is not viable). Defendant first seeks to amend his docketing statement to argue that the jury was not properly instructed on the essential elements of the crimes of battery upon a healthcare worker and battery upon a peace officer. [MIO 1, 3] Specifically, for both crimes, Defendant points out that the jury instructions failed to instruct on the requirement that Defendant had knowledge of the Victims' respective statuses as a healthcare worker and a peace officer. [MIO 5, 7; RP 64-65] Because this argument was not preserved below, we review for fundamental error. [MIO 3] *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134.

Here, Defendant never challenged below whether he had the requisite

knowledge, and the facts provide that there can be no doubt that Defendant knew that the Victims were a healthcare worker and a peace officer. Defendant battered the healthcare worker while the worker performed his job during Defendant's intake process at the detoxification center. [DS 2] Defendant battered the peace officer, who had previously transported him to the detoxification center, when the officer attempted to assist the healthcare worker during the intake process. [DS 2] Because the element of knowledge was undisputed and apparent from the circumstances, no fundamental error occurred. *See generally State v. Orosco*, 113 N.M. 780, 784, 833 P.2d 1146, 1150 (1992) (providing that we will not reverse the trial court for failure to instruct on an essential element of a crime where there can be no dispute that the element was established), *aff'd in part by State v. Trevino*, 116 N.M. 528, 865 P.2d 1172 (1993); *State v. Castro*, 2002-NMCA-093, ¶ 2, 132 N.M 646, 53 P.3d 413 ("[E]rror in submitting an instruction omitting an essential element is harmless where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested[.]" (internal quotation marks and citation omitted)).

Defendant next seeks to amend his docketing statement to argue that he received ineffective assistance of counsel. [MIO 1, 11] As support for his argument, Defendant asserts the following alleged deficiencies in his trial counsel's representation: failed to contact a person who would have been able to corroborate

Defendant's version of his Starbucks encounter with the officer [MIO 12]; failed to request the Starbucks dispatch call from the State [MIO 12]; failed to follow up on Defendant's request for a change of venue [MIO 13]; failed to act on Defendant's requests and to maintain appropriate contact [MIO 13]; and failed to object to a statement that district court made to the jury panel about his charges. [MIO 13] To prove ineffective assistance of counsel, the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that the defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729.

Here, we can not conclude that Defendant has made a prima facie case of ineffective assistance of counsel on direct appeal. First, Defendant's discussions with trial counsel are not of record and, therefore, they are not subject to review on direct appeal. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (stating that matters not of record are not reviewable on appeal). Second, in the event that Defendant brought these matters to his trial counsel's attention, counsel's decisions on these matters constitute trial tactics and strategy that do not, in this case, indicate that trial defense counsel was incompetent. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation

omitted)). Although Defendant has failed to establish a claim of ineffective assistance of counsel, we reach this conclusion without prejudice to Defendant's pursuit of habeas corpus proceedings on this issue and the development of a factual record. [MIO 13] *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a "preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

Lastly, Defendant seeks to amend his docketing statement to argue that alleged errors in the jury selection process violated his right to due process and to an impartial jury. [MIO 13] In support of his argument, Defendant refers to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). [MIO 14-15] Defendant contends that the jury panel was impartial because the trial court incorrectly told the jury that Defendant was charged with aggravated battery on a peace officer when in fact he was only charged with battery upon a peace officer. [MIO 14] Defendant additionally contends that the jury's partiality was compromised because one member of the jury venire was the supervisor of the testifying officer and another member of the jury venire belonged to the same church as the testifying officer. [MIO 14] Defendant further contends that the jury's partiality was compromised because the parties improperly asked the jury pool if they believed a police officer was more credible than Defendant, causing the jury to believe

he was guilty before the trial even started. [MIO 14]

Because there is no indication that Defendant's arguments regarding any alleged deprivation of his right to a fair and impartial jury were preserved, we find no error on this basis. *See State v. Riley*, 2010-NMSC-005, ¶¶ 24-25, 147 N.M. 557, 226 P.3d 656 (recognizing that review by an appellate court must be predicated upon a timely objection by a defendant that alerts the trial court to the claimed error); *see also State v. Pacheco*, 2007-NMSC-009, ¶ 10, 141 N.M. 340, 155 P.3d 745 (concluding that the defendant waived his right to argue his fundamental right to a trial by a fair and impartial jury by "failing to timely invoke the ruling of the trial court"). Moreover, even if Defendant's arguments had been preserved, we would nonetheless conclude that the matters about which Defendant complains were not prejudicial. *See generally State v. Vasquez*, 2010-NMCA-041, ¶ 38, 148 N.M. 202, 232 P.3d 438 (holding that where the defendant did not identify any individual selected to serve on the jury who indicated an inability to be impartial, the defendant failed to demonstrate actual prejudice).

For reasons discussed above, because none of the foregoing issues that Defendant seeks to add to his docketing statement are viable, we deny his motion to amend. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the argument

offered in support thereof is not viable).

We next address Defendant's continued argument that there is a lack of sufficient evidence to support his convictions for battery upon a healthcare worker and for battery upon a peace officer. [DS 3; MIO 8] *See* NMSA 1978, §§ 30-3-9.2(E) (2006) and -22-24 (1971). In support of his argument, Defendant refers to *Franklin* and *Boyer*. [MIO 10, 11] As detailed in our notice, with regard to the healthcare worker, evidence was presented that during the intake process, Defendant was hostile and yelling, tried to punch him, and succeeded in head-butting him. [DS 2; MIO 9; RP 46, 48] With regard to the officer, evidence was presented that Defendant was combative and verbally threatened the officer. [RP 45] In addition, evidence was introduced that, during the intake process, Defendant punched the officer and attacked him with his hand [DS 2; RP 46], pushed his right shoulder into the officer's chest [DS 2; MIO 10], and threw his body into the officer's body. [RP 45]

Under our substantial evidence standard of review, *see State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988), we hold that the evidence was sufficient to support Defendant's convictions. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). While Defendant's version of the events differed from the Victims' versions, we

7

conclude that it was the jury's prerogative as fact-finder to weigh the evidence and assess the credibility of the witnesses. *See generally State v. Riggs*, 114 N.M. 358, 362-63, 838 P.2d 975, 979-80 (1992) (stating that the jury determines questions of credibility and the weight to be given to evidence); *see also Sutphin*, 107 N.M. at 131, 753 P.2d at 1319 (holding that the factfinder may reject the defendant's version of events).

To conclude, we deny Defendant's motion to amend the docketing statement and affirm his convictions for battery upon a healthcare worker and for battery upon a peace officer.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**